UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARQUISE FOSTER, Individually and on behalf of all others similarly situated | § § § § | Civil Action No. _____ |
| *Plaintiff,* | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| SITEL OPERATING CORPORATION, | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Marquise Foster brings this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members") who worked for Sitel Operating Corporation (hereinafter "Defendant" or "Sitel"), at any time from December 4, 2015 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages, liquidated damages and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Sitel in call centers throughout the United States at any time from December 4, 2015

through the final disposition of this matter and have not been paid for all hours worked or the proper amount of overtime in violation of federal law.

3. Specifically, Sitel has enforced a uniform company-wide policy wherein it improperly required its non-exempt hourly call-center employees—Plaintiff and the Putative Class Members—to perform work off-the-clock and without pay in violation of federal law.

4. Sitel's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Sitel knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and the proper amount of overtime each workweek on a routine and regular basis during the relevant time period.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Marquise Foster ("Foster") was employed by Sitel during the relevant time period. Plaintiff Foster did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11. The FLSA Collective Members are those current and former call-center employees who were employed by Sitel anywhere in the United States at any time from December 4, 2015 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Foster worked and was paid.

12. Defendant Sitel Operating Corporation ("Sitel") is a foreign for-profit corporation and can be served with process through its registered agent, **Corporation Service Company, 2908 Poston Ave., Nashville TN 37203-1312.**

## III.
## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14. This Court has personal jurisdiction over Sitel because the cause of action arose within this district as a result of Sitel's conduct within this District and Division.

15. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16. Specifically, Sitel maintains a working presence throughout the State of Texas.

17. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

---

[1] The written consent of Marquise Foster is hereby attached as Exhibit "A."

## IV.
## ADDITIONAL FACTS

18.     Sitel operates call centers throughout the United States and holds itself out as a "leading global outsourcing provider of customer experience management with 150 offices across 25 countries."[2]

19.     Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by Sitel's clients' customers, answering those customers' inquiries, troubleshooting on behalf of those customers, and generally assisting those customers.

20.     Plaintiff Foster was employed by Sitel in customer service from approximately June 2012 until April 2017.

21.     Plaintiff and the Putative Class Members are non-exempt employees that were (and continue to be) paid by the hour.

22.     Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

23.     In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members often worked up to six and one half (6.5) hours "off-the-clock" per week and were never compensated for that time.

24.     Plaintiff and the Putative Class Members have not been compensated for all of these hours worked as a result of Sitel's company-wide policy and practice of requiring all call-center employees to be "call ready" – that is, to take their first phone call the moment their official shift starts each day.

---

[2] https://www.sitel.com/cx-outsourcing/.

25. Specifically, Plaintiff and the Putative Class Members were (and are) required to log-in to their computer, open multiple different Sitel computer programs, log-in to each Sitel program, and ensure that each Sitel program is running correctly, all of which can take up to one (1) hour to have ready before they were (and are) able to take their first phone call, which comes in as soon as their official shift starts.

26. During this start-up time, Plaintiff and the Putative Class Members were not compensated although they were (and are) expected to have completed this process in advance of their official start time(s).

27. As a result of Sitel's company-wide policy and practice of requiring Plaintiff and the Putative Class Members to perform these start-up tasks **_before_** their shifts begin, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

28. Sitel has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

29. Sitel is aware of its obligation to pay for all hours worked and the proper amount of overtime for all hours worked over forty (40), but has failed to do so.

30. Because Sitel did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Sitel's pay policies and practices violate the FLSA.

# V.
# CAUSE OF ACTION

**A. FLSA COVERAGE**

31. All previous paragraphs are incorporated as though fully set forth herein.

32. The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY SITEL OPERATING CORPORATION, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM DECEMBER 4, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

33. At all times hereinafter mentioned, Sitel has been an employer within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

34. At all times hereinafter mentioned, Sitel has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

35. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Sitel, these individuals have provided services for Sitel that involved interstate commerce for purposes of the FLSA.

36. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

37. Specifically, Plaintiff and the FLSA Collective Members are non-exempt employees of Sitel who assisted customers throughout the United States. 29 U.S.C. § 203(j).

38. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

39. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 32.

40. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Sitel.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

41. Sitel has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

42. Moreover, Sitel knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forth (40) each week. 29 U.S.C. § 255(a).

43. Sitel knew or should have known its pay practices were in violation of the FLSA.

44. Sitel is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

45. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Sitel to pay them according to the law.

46. The decisions and practices by Sitel to not pay for all hours worked or the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

47. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

48. All previous paragraphs are incorporated as though fully set forth herein.

49. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Sitel's employees throughout the United States who are similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

50. Other similarly situated employees of Sitel have been victimized by Sitel's patterns, practices, and policies, which are in willful violation of the FLSA.

51. The FLSA Collective Members are defined in Paragraph 32.

52. Sitel's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Sitel, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

53. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

54. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

55. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek

56. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facs.

57. Absent a collective action, many members of the proposed FLSA Collective likely will not obtain redress of their injuries and Sitel will retain the proceeds of its violations of the FLSA.

58. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

59. Accordingly, the FLSA Collective of similarly situated plaintiffs should be certified as defined as in Paragraph 32 and notice should be promptly sent.

# VI.
# RELIEF SOUGHT

60. Plaintiff respectfully prays for judgment against Sitel as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 32 and requiring Sitel to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding Sitel liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.  For an Order awarding the costs and expenses of this action;

e.  For an Order awarding attorneys' fees;

f.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g.  For an Order awarding Plaintiff Foster a service award as permitted by law;

h.  For an Order compelling the accounting of the books and records of Sitel, at Sitel's own expense; and

i.  For an Order granting such other and further relief as may be necessary and appropriate.

Date:  December 4, 2018

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:  /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
**George Schimmel**
Federal I.D. No. 2338068
Texas Bar No. 24033039
geordie@a2xlaw.com

819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**MORGAN & MORGAN, P.A.**

By: */s/ C. Ryan Morgan*
**C. Ryan Morgan, Esq.** *(Pro Hac Vice Anticipated)*
FBN 0015527
N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: rmorgan@forthepeople.com

By: */s/ Paul M. Botros*
**Paul M. Botros, Esq**. *(Pro Hac Vice Anticipated)*
FBN 0063365
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Telephone: (954) 327-5352
Facsimile: (954) 327-3017
Email: pbotros@forthepeople.com

**Attorneys for Plaintiff and the Putative Class Members**