UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARQUISE FOSTER, Individually and on behalf of all others similarly situated | § § § § | Civil Action No. 3:19-cv-0148 |
| Plaintiff, | § § | |
| v. | § § | |
| SITEL OPERATING CORPORATION, | § § | |
| Defendant. | § | |

**DEFENDANT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO PUTATIVE CLASS MEMBERS**

Pursuant to the Court's Order (Doc. 90), Defendant Sitel Operating Corporation ("Sitel") submits this supplemental brief in opposition to Plaintiff's Motion for Conditional Certification and Notice to Putative Class Members ("Motion for Conditional Certification"). Doc. 40. Sitel originally noted in its Opposition to Plaintiff's Motion for Conditional Certification ("Opposition Brief") (Doc. 63) that Plaintiff Foster seeks nationwide conditional certification and the issuance of notice to approximately 48,000 of Sitel's current and former Customer Service Representatives and Work@Home Agents. But as this Court recently noted, "[w]hile the required level of proof is minimal and lenient at this first stage, the court should exercise caution in granting conditional certification, because the Sixth Circuit has held that a conditional order approving notice to prospective co-plaintiffs in a suit under Section 216(b) is not appealable." *Powers v. Blessed HomeCare, LLC*, 2019 WL 4450514, at *2 (M.D.Tenn. Sep. 19, 2019) (citing *O'Neal v. Emery Fed. Credit Union*, 2013 WL 4013167, at * 5 (S.D. Ohio Aug. 6, 2013); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)). Given the magnitude and scope of the nationwide collective action Plaintiff Foster is requesting, and the speculative and conclusory declarations on

1

which Plaintiff is basing her request, Sitel respectfully requests this Court exercise caution in considering whether to grant Plaintiff's Motion for Conditional Certification.

This Court has recently emphasized that although the "required factual showing" at the first stage of conditional certification is "modest, it cannot be satisfied simply by unsupported assertions." *Powers,* 2019 4450514 at *2 (citing *Medley v. Southern Health Partners, Inc*., 2017 WL 3485641, at * 5 (M.D. Tenn. Aug. 15, 2017)). In *Powers,* this Court denied a motion for conditional certification because the plaintiff "failed to allege facts to show anything beyond how the alleged pay policy was applied to and affected *her.* She has not alleged facts, as opposed to conclusory allegations to show that the policy she contends was applied to her was either company-wide or affected other employees." *Id.* at *3. This Court also noted "[a]ffidavits submitted at the notice stage must be based on the personal knowledge of the affiant" and the plaintiff had "not alleged any facts based on personal knowledge to show that other employees were paid under the same circumstances as she." *Id.* at *4. Consequently, this Court found Plaintiff had not "alleged sufficient facts pointing to similarly situated employees who were subject to a single, common, company-wide, FLSA-violating practice or policy for purposes of conditional certification." *Id.*

Here, Plaintiff Foster asserts conditional certification of a collective action encompassing two separate groups of employees (Customer Service Representatives and Work@Home Agents), and totaling nearly 50,000 putative plaintiffs is warranted because Sitel allegedly maintained a "company-wide policy" which required her and other hourly customer service representatives to "perform work off-the-clock by preparing their computer and software for taking their first call as soon as their shift started—all while unpaid." Doc. 40 at 6. As Sitel noted in its Opposition Brief, Plaintiff's allegations to this effect run entirely contrary to Sitel's lawful timekeeping policies which clearly and specifically prohibit the conduct Plaintiff describes. *See* Doc. 63 at 6-7. Because

2

Plaintiff Foster "must allege some factual support for the existence of a class-wide policy or practice that violates the FLSA," and, in light of the evidence from Sitel regarding its lawful policies and practices, Plaintiff Foster must actually present factual support for the existence of a class-wide policy or practice at Sitel to violate its own lawful policies. *Powers,* 2019 WL 4450514 at *4. *See also Gaffers v. Sitel Worldwide Corp.,* 2016 WL 3137726, at *3 (M.D.Tenn. June 6, 2016) (Plaintiff must "allege or show a common, single, illegal policy to violate Defendants' written timekeeping policies and training, a policy which affects all the [customer service agents] he purports to join in this action.").

Much like the declaration the plaintiff provided in *Powers,* the declarations submitted in support of Plaintiff Foster's Motion for Conditional Certification are rife with conclusory allegations regarding the declarants' purported knowledge of the application of Sitel's unwritten policy (to violate its own lawful timekeeping policies) to *all* call center employees at *all* of Sitel's locations, *and* to *all* Work@Home Agents. *See* Doc. 63 at 18-19. Plaintiff Foster and the opt-in plaintiffs who submitted declarations aver they "knew" this alleged policy applied to all call center employees at all of Sitel's locations simply because "Sitel regularly made it clear that its policies were made at a corporate level." *See id.* But these allegations are not based in personal knowledge, and are thus speculative and conclusory, and insufficient to support the breadth of conditional certification Plaintiff Foster is requesting. *See Arrington v. Michigan Bell Tel. Co.,* 2011 WL 3319691, at * 4 (E.D. Mich. Aug. 1, 2011) (citing 7B Wright, Miller & Kane, Federal Practice & Procedure § 1807 (3d ed. 2005) at 490-91)).

Here, Plaintiff Foster is basing her request for conditional certification of a nationwide collective action on little more than unsupported assertions regarding the purported company-wide application of an unwritten policy to violate Sitel's lawful timekeeping policies. The mere fact that

3

Plaintiff Foster has presented multiple declarations in support of her Motion for Conditional Certification matters little, when each of the declarations suffer from the same infirmity—*i.e.* a lack of requisite personal knowledge sufficient to demonstrate the existence of "a single, common, company-wide, FLSA-violating practice or policy for purposes of conditional certification." *Powers,* 2019 WL 4450514 at *4. Instead, Foster has presented declarant testimony which is arguably sufficient to demonstrate "a problem as to [the declarants'] own situation[s]." *Id.* The first stage standard for conditional certification may be modest, but it certainly requires more than a series of conclusory allegations from a number of individuals representing less than 0.0006% of the putative class they seek to certify. Sitel respectfully requests this Court deny Plaintiff's Motion for Conditional Certification.

Dated the 19th day of March, 2020.

        Respectfully submitted,

        /s/ M. Katherine Paulus

        Patrick F. Hulla *(Pro Hac Vice)*
        Missouri State Bar No. 41745
        patrick.hulla@olgetree.com
        M. Katherine Paulus *(Pro Hac Vice)*
        Missouri State Bar No. 60217
        katherine.paulus@ogletreedeakins.com
        OGLETREE, DEAKINS, NASH, SMOAK &
        STEWART, P.C.
        4520 Main Street, Ste. 400
        Kansas City, MO 64111
        816.471.1301 (phone)
        816.471.1303 (fax)

        /s/ Wendy V. Miller
        Wendy V. Miller, TN #023500
        OGLETREE, DEAKINS, NASH, SMOAK &
        STEWART, P.C.
        SunTrust Plaza
        401 Commerce Street, Suite 1200

Nashville, TN 37219-2446
Telephone: 615.254.1900
Facsimile: 615.254.1908
wendy.miller@ogletreedeakins.com

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2020, a true and correct copy of this Notice of filing Conformed Certificate of Service of Defendant's Brief in Opposition to Plaintiff's Motion for Conditional Certification and Notice to Putative Class Members, was filed with the Clerk of the Court using the CM/ECF and also sent via the CM/ECF to the following individuals:

>William Clifton Alexander
>Anderson Alexander, PLLC
>819 N. Upper Broadway
>Corpus Christi, TX 78401
>(361) 452-1279
>Fax: (361) 452-1284
>Email: clif@a2xlaw.com
>
>Alan Cliffton Gordon
>Anderson Alexander, PLLC
>819 N. Upper Broadway
>Corpus Christi, TX 78401
>(361) 452-1279
>Fax: (361) 452-1284
>Email: cgordon@a2xlaw.com

Austin W. Anderson
Anderson Alexander, PLLC
819 N. Upper Broadway
Corpus Christi, TX 78401
(361) 452-1279
Fax: (361) 452-1284
Email: austin@a2xlaw.com

Carter Tilden Hastings
Anderson Alexander, PLLC
819 N. Upper Broadway
Corpus Christi, TX 78401
(361) 452-1279
Fax: (361) 452-1284
Email: carter@a2xlaw.com

Geordie Schimmel
Anderson Alexander, PLLC
819 N. Upper Broadway
Corpus Christi, TX 78401
(361) 452-1279
Fax: (361) 452-1284
Email: geordie@a2xlaw.com

Lauren Elizabeth Braddy
Anderson Alexander, PLLC
819 N. Upper Broadway
Corpus Christi, TX 78401
(361) 452-1279
Fax: (361) 452-1284
Email: lauren@a2xlaw.com

Brian C. Winfrey, Esq.
Morgan & Morgan, P.A.
810 Broadway, Suite 105
Nashville, TN  37203
(615) 928-9890
Fax:  (615) 928-9917
Email:  bwinfrey@forthepeople.com

C. Ryan Morgan, Esq.
Morgan & Morgan, P.A.
20 N. Orange Ave., Ste. 1600
Orlando, FL 32802-4979
(407) 418-2069
Fax: (407) 245-3401
Email: rmorgan@forthepeople.com

Paul M. Botros
Morgan & Morgan
600 N. Pine Island Road, Ste. 400
Plantation, FL 33324
(954) 327-5352
Fax: (954) 327-3017
Email: pbotros@forthepeople.com

**COUNSEL FOR PLAINTIFFS**


patrick.hulla@ogletree.com
Patrick F. Hulla
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
4520 Main Street, Ste. 400
Kansas City, MO 64111

wendy.miller@ogletree.com
Wendy Miller
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN  37219-2446


**COUNSEL FOR DEFENDANT**

>**/s/ M. Katherine Paulus**
>**M. Katherine Paulus**